The Honorable Bill Strait, Prosecuting Attorney Fifteenth Judicial District 108 N. 2d Street, P.O. Box 460 Dardanelle, Arkansas 72834
Dear Mr. Strait:
This opinion is being issued in response to your recent question regarding the disposition of the penalty that is collected for delinquent personal property taxes. You state that historically, the treasurer for Logan County, Arkansas, upon collection of the penalty, has split the proceeds equally between the county general fund and the county general school fund. You further indicate that a question has arisen recently as to whether all of the proceeds should go into the county general fund. I perceive your question to be as follows:
 What is the proper disposition of the penalty that is collected for delinquent personal property taxes?
It is my opinion that the answer to your question will depend upon the circumstances under which the delinquency penalty is collected. This conclusion is based upon the fact that two different Arkansas statutes address two different scenarios under which the penalty can be collected. As explained below, those two statutes do not provide for the same disposition of the penalty.
A.C.A. § 26-36-201 authorizes the imposition of a 10 percent penalty on delinquent personal property taxes (i.e., property taxes that are not paid by October 10). It is silent as to the disposition of the 10 percent penalty. Moreover, no other Arkansas statutes address the disposition of this 10 percent penalty on delinquent personal property taxes. I have previously opined that where state law is silent as to the disposition of such funds, the county quorum court is authorized to determine the disposition thereof. See Op. Att'y Gen. No. 96-108. This conclusion is bolstered by the fact that state law not only authorizes counties, acting through their quorum courts, to exercise power not prohibited by or in conflict with state law, A.C.A. § 14-14-801, but it also expressly grants county quorum courts the authority to provide for "real and personal property tax administration, including assessments, collection, and custody of tax proceeds." A.C.A. § 14-14-802(a)(3).
I therefore conclude that because state law is silent as to the disposition of the 10 percent penalty on delinquent personal property tax, each county's quorum court may determine the disposition of that penalty.
A.C.A. § 26-36-206 authorizes the imposition of a 25 percent penalty[1]
on delinquent personal property taxes under circumstances where the collector must distrain goods and chattels belonging to the delinquent taxpayer in order to obtain payment of the taxes. In that instance, the collector is required to pay the 25 percent penalty into the county school fund. See A.C.A. § 26-36-206(a).
To summarize, therefore, I conclude that if the collector collects the 10 percent penalty authorized by A.C.A. § 26-36-201, that penalty must be disposed of in the manner determined by the county quorum court. If, however, the collector collects the 25 percent penalty authorized by A.C.A. § 26-36-206 in connection with a distraint of goods and chattels, that 25 percent penalty must be paid into the county school fund.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh
[1] It is my opinion that the legislature did not intend that both the 10 percent penalty and the 25 percent penalty be imposed. Rather, it is my opinion that the 10 percent penalty is to be imposed upon taxpayers who fail to pay their personal property taxes by October 10, but pay them prior to the collector's distraint of goods and chattels. The 25 percent penalty is to be imposed only upon those taxpayers whose goods and chattels must be distrained in order to obtain payment of the taxes. For a discussion of this issue, see Op. Att'y Gen. No. 96-108.